UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08CR332 SNLJ ) |
| DEMETRIUS F. BAILEY, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The Defendant filed a motion to suppress evidence and statements, and the undersigned held an evidentiary hearing on January 6, 2009. Based upon the evidence adduced at the hearing on the motion to suppress, the undersigned makes the following findings of fact and conclusions of law:

**Findings of Fact**

David King is a police officer with the Metropolitan St. Louis Police Department. At about 9 a.m. on January 18, 2008, he was on patrol driving a marked police vehicle. While at the intersection of Bremen and North Florissant in the City of St. Louis, King observed a white Ford Explorer slow down at the four-way stop and make a quick left turn without stopping. King decided to follow the vehicle, and when he observed the license plates, he asked his dispatcher to check the registration of the plates.

Within seconds, the dispatcher informed King that the vehicle had been recently stolen from St. Louis County, Missouri. When King received this information, he activated his emergency lights

and siren in an attempt to curb the vehicle. Instead of stopping, the vehicle sped away from King. King observed that the vehicle was occupied by three individuals, and when the lights and siren were activated, the two passengers looked around at King's police car.

King chased the car for several blocks observing it to fail to stop at several intersections, and accelerate to unsafe speeds on highly traveled streets. Because of the total disregard shown by the driver of the vehicle for public safety, King eventually turned off his lights on Grand Avenue, and decided to follow the vehicle at a safer distance. He observed the vehicle make a left off of Grand Avenue onto 20th Street, and then a right onto Linton Avenue. As King made a right hand turn onto Linton, he observed the vehicle in the front yard of 1916 East Linton, and saw that it had apparently crashed through a cyclone fence at that residence. As he drove up to the vehicle, he observed the front and rear passenger doors both open at about the same time, and saw two individuals get out of the Explorer and run away from the scene.

As King parked his car parallel to and next to the driver's side of the vehicle, he saw a person get up from the driver's seat and go between the two front bucket seats into the rear of the vehicle. He next observed this person open the back seat driver's side door and attempt to get out of the car. As this person (who was later identified as the Defendant Demetrius Bailey) attempted to exit the vehicle, the door snapped back on his leg trapping him in the door of the car. King saw that the heavy chain link fence had fallen on the driver's side of the vehicle making it very difficult for the Defendant to extricate himself from the vehicle. At this time, at least one assist car arrived at the scene, and another officer watched the Defendant while King attempted to try to find the two individuals who had fled.

2

After looking unsuccessfully for the individuals for approximately two minutes, King returned to the scene. When he observed that the Defendant's leg was still stuck in the door of the vehicle, he called the fire department to safely remove the Defendant from the car. After the Defendant was safely outside the vehicle, King placed him under arrest and orally advised him of his Miranda rights. King asked the Defendant if he understood his rights, and the Defendant stated he understood them. King asked the Defendant why he had evaded him, and the Defendant stated the vehicle was not his, and that he had some "weed" in his pocket. After the Defendant made this statement, the Defendant was searched incident to his arrest. King located several baggies which appeared to contain marijuana in the Defendant's right front pocket, and also located in the Defendant's left front pocket a clear, knotted plastic bag that contained numerous live rounds of ammunition. The ammunition and the marijuana were seized as evidence.

**Conclusions of Law**

A. The Arrest of the Defendant

Based on the above findings, the undersigned concludes that the arrest of Bailey was lawful, and the search of the Defendant incident to arrest is, therefore, likewise lawful. Police officers may arrest persons without a warrant if they have probable cause to believe that the person arrested has committed a crime. Gerstein v. Pugh, 420 U.S. 103 (1975); Beck v. Ohio, 379 U.S. 89 (1964). Probable cause is a "fluid concept turning on the assessment of probabilities in a particular factual context--not readily or even usefully reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). In the context of a warrantless arrest, all that need be shown is a "fair probability that a crime has been committed and that the defendant committed the crime." Illinois v. Gates, supra.

Based on the above, the undersigned concludes there was ample probable cause to arrest the Defendant for possession of stolen property, that being a stolen motor vehicle. Officer King observed three individuals in a vehicle which he had been informed was stolen. Further, he had ample reason to believe that the Defendant was the driver of the vehicle due to the fact that he observed the Defendant as he was getting up from the driver's seat of the vehicle and going over the center console to the rear door. Further, the circumstances of the arrest, including the extreme measures which the Defendant and others in the car took to evade being caught by the officers, demonstrate that there was probable cause to believe that the Defendant was aware that the vehicle was stolen. Therefore, based on the above, the undersigned concludes that there was, at the very least, a "fair probability" that the Defendant was committing the crime of driving or possessing a stolen motor vehicle with knowledge that it had been stolen. Thus, the undersigned concludes that the arrest of the Defendant was lawful.

After a lawful arrest, officers may conduct a warrantless search of the person arrested and the area within his immediate control without any further probable cause. The validity of the search is bound only by the validity of the arrest. New York v. Belton, 453 U.S. 454 (1981). Therefore, because the arrest of the Defendant is lawful, so too is the search of his person and the seizure of the marijuana and the ammunition taken from him.

B. Custodial Statement Made by the Defendant

The undersigned concludes that the Defendant's custodial statement should not be suppressed because it was voluntarily made after the Defendant was adequately advised of his rights, and waived his rights by talking to the officers. See United States v. House, 939 F.2d 659 (8th Cir. 1991). The evidence shows that the Defendant was advised of his rights at the scene of his arrest, and stated that

4

he understood those rights. Although the undersigned concludes that the advice of rights given to the Defendant in this matter could have been somewhat more specific, it was nevertheless adequate to meet the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). The exact same advice of rights was held to be adequate in United States v. Caldwell, 954 F.2d 496 (8th Cir. 1992). See also Duckworth v. Eagan, 492 U.S. 195, 203, 204 (1989).

Moreover, the Defendant was not threatened or coerced in any way to obtain a statement from him nor did he appear to be under the influence of drugs or any other narcotics. He appeared to respond to the questions of the police officer in a rational manner. Therefore, based on the above, the undersigned concludes that the Defendant's statement to the officer was voluntarily made, and that his will was not overborne by any actions of the police officer. Therefore, the Defendant's statement should not be suppressed. See Miranda v. Arizona, supra; North Carolina v. Butler, 441 U.S. 369 (1979); Colorado v. Connelly, 479 U.S. 157 (1986); Moran v. Burbine, 475 U.S. 412 (1986)

**Conclusion**

Therefore, the Defendant's motion to suppress evidence and statements should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence and Statements [Doc. #26] be **denied**.

The parties are advised that they have until February 13, 2009, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of February, 2009.